IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
ANTOINE BOYCE #R-51888, )
                                            )
            Petitioner,   )
                                            )
   v.                                      )   No.  13 C 1923
                                            )
MICHAEL LEMKE, Warden, )
                                            )
            Respondent.   )

MEMORANDUM OPINION AND ORDER

     Antoine Boyce ("Boyce") has just submitted a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"), utilizing the Clerk's-Office-supplied form made available to prisoners who seek to challenge their state court convictions and sentences on federal constitutional grounds (Boyce is serving a 50-year term on a first-degree murder conviction and sentence that date back to the spring of 2006). As always, this Court has conducted the preliminary review of the Petition called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), and this memorandum opinion and order sets out the results of that threshold examination.

     Because of the nearly seven-year gap between Boyce's state court sentencing and the current filing, this Court has looked first at the issue of the Petition's timeliness in terms of the one-year period of limitation prescribed by Section 2244(d).

---

    [1]    All further references to Title 28's provisions will simply take the form "Section--."

When account is taken of the time occupied by Boyce's exhaustion of his direct appeal rights (see Section 2244(d)(1)) and by the tolling that Section 2244(d)(2) provides during the pendency of state post-conviction proceedings, the Petition has come in under the limitations wire (though not by much). This opinion therefore turns to the substance of Boyce's claims.

On that score this Court has obtained the May 2, 2012 Summary Order issued by the Illinois Appellate Court for the First Judicial District in its Case No. 1-11-0583, in which that court affirmed the Circuit Court's summary disposition of Boyce's state post-conviction petition. Because that brief order did not identify the grounds that Boyce had advanced in his state petition and this Court did not have a copy of that petition, it was unable to ascertain whether Boyce has "exhausted the remedies available in the courts of the State" (Section 2254(b)(1)(A)). For present purposes, then, this Court has made the assumption most favorable to Boyce's standing in federal court--that the answer to that inquiry would be "yes."

Even on that most favorable assumption, however, the present Petition plainly fails to demonstrate that Boyce "is in custody in violation of the Constitution or laws or treaties of the United States" (Section 2254(a)). Here are the three grounds on which Boyce seeks to rely as the predicate for federal relief:

>Ground one: Antoine Boyce was denied due process of
>law under the Fourteenth [sic] Amendment to the United

>States to a jury trial and to present a defense when trial court refused to allow a second degree murder instruction.
>
>Ground two:  Antoine Boyce was denied due process of law under the Fourtheenth [sic] Amendment to the united States when trial court permitted the improper admission of evidence that Mr. Boyce participated in an armed robbery.
>
>Ground three:  Antoine Boyce was denied due process of law under the Fourtheenth [sic] Amendment to the United States when trial court allowed the state to improperly amend the indictment when the jury was instructed on accountability.

Simply to recite those claims shows that each is solely a matter of state law that implicates no federal constitutional question--in other words, that Boyce has failed to meet the standard prescribed by Section 2254(d):

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

That being the case, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4).  And as that rule teaches, "the judge must dismiss the petition" (id.), and

3

this Court does so.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  March 14, 2013