```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
ANTOINE BOYCE #R-51888,         )
                                )
            Petitioner,         )
                                )
     v.                         )   No.  13 C 1923
                                )   USCA No. 13-1873
MICHAEL LEMKE, Warden,          )
                                )
            Respondent.         )
```

MEMORANDUM ORDER

On April 22, 2013 this Court issued a brief memorandum order ("Order") that was prompted by the notice of appeal that Antoine Boyce ("Boyce") had filed from this Court's March 14, 2013 memorandum order that dismissed his attempted 42 U.S.C. §2254 Petition for Writ of Habeas Corpus ("Petition"). As the Order reflected, Boyce had accompanied his notice of appeal with a handprinted Motion for Leave To Proceed In Forma Pauperis ("Motion") and a handprinted Application for a Certificate of Appealability ("Application").

Because the latter request could be dealt with simply on the basis of this Court's dismissal of the Petition, the Order was able to rule on the Application promptly: It concluded by denying a certificate of appealability ("COA") and by apprising Boyce that he could tender that issue to the Court of Appeals pursuant to Fed. R. App. P. 22(b)(1). But because the Motion lacked the accompanying statement of transactions in Boyce's prison trust account (which contained the information needed for

this Court to make the 28 U.S.C. §1915 ("Section 1915") calculation as to Boyce's in forma pauperis posture, the Order included this directive:

> Accordingly Boyce is ordered to obtain and to submit to this Court as quickly as possible the required statement of all transactions in his trust fund account at Stateville Correctional Center, where he is now incarcerated) for the period from October 1, 2012 through March 31, 2013.

As far as this Court knew, silence descended at that point--no trust fund account statement was sent to this Court's chambers. After a month's wait, this Court was therefore about to dictate a further memorandum order denying the Motion because of Boyce's apparent noncompliance, but it first had its courtroom deputy inquire of the Court of Appeals' personnel as to whether Boyce had sought a COA from that court (if that had been done and if the COA had then been denied, that would of course moot the Motion). That inquiry produced the response that Boyce had in fact transmitted his trust fund account statement to the Court of Appeals back on May 8, but the staff people there simply let it sit without apprising this Court or its staff that Boyce had indeed complied with the Order.

In any event, this Court now has a copy of the trust fund account statement. Although the accountant at Stateville Correctional Center, where Boyce is in custody, has certified that the average monthly deposits to Boyce's account during the relevant six-month period amounted to $162.73, nothing more than

eyeballing the document was needed to see that the average balance in the account (see Section 1915(b)(1)(B)) far exceeded the average monthly deposit (the alternative set out in Section 1915(b)(1)(A)). This Court has engaged in the laborious task of calculating the weighted average balance in the account and has determined that it amounted to $386.26, 20% of which (see Section 1915(b)(1)) comes to $77.25.

As this Court has remarked in other like cases, however, Section 1915(a)(3) precludes the taking of an appeal in forma pauperis "if the trial court certifies in writing that it is not taken in good faith," and such cases as <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000) teach that the absence of good faith equates to a prisoner-appellant's submission of nothing more than legally frivolous contentions. In this Court's view Boyce fails that test because his three claims of asserted constitutional deprivation were solely matters of state criminal law, which therefore failed to meet either standard set out in Section 2254(d).

Accordingly this Court finds that Boyce is disentitled to proceed on appeal in forma pauperis, so that his Motion should be denied. If however the Court of Appeals differs with that evaluation, this Court will proceed with the Section 1915 analysis as to payment of the $455 in appellate fees on an

installment basis.

> _____
> Milton I. Shadur
> Senior United States District Judge

Date:  May 30, 2013